UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Case 1:26-CR-00229-TNM |
| | ) | |
| James Brien Comey, Jr., | ) | **UNDER SEAL** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JAMES B. COMEY JR.'S MOTION TO DISMISS CRIMINAL INFORMATION AND FOR AN EMERGENCY HEARING ON FRIDAY, OCTOBER 9, 2026**

The statute of limitations to file an indictment relating to events of October 5, 2016 has now run. Nonetheless, the government filed a faulty information under seal on October 5, 2026, in an effort to toll the applicable statute of limitations. Because the government's charging instrument was untimely, the statutory extensions available under 18 U.S.C. § 3288 cannot save the charges, and the criminal information should be dismissed as time barred. Mr. Comey has reason to believe that the government plans to use that faulty information to seek an arrest warrant as soon as today, which could result in an after-hours arrest that would ensure Mr. Comey sits in jail over a holiday weekend. The defense seeks the Court's emergency intervention to prevent this manifestly unjust result.

**BACKGROUND**

On Monday, October 5, 2026, the government filed under seal a criminal information in the United States District Court for the District of Columbia charging Mr. Comey with two counts: one count alleging a violation of 18 U.S.C. § 793(d) (Count One), and one count alleging a conspiracy with others to violate Section 793(d), in violation of 18 U.S.C. § 793(g) (Count Two). Both counts revolve around one instance of an alleged unauthorized transmission of national defense information by someone else to a reporter for a national news publication on October 5,

RECEIVED
OCT 09 2026
Clerk U.S. District & Bankruptcy
Courts for the District of Columbia

2016—ten years to the day of the government's filed criminal information.[1] Section 793 (d) makes it a crime for those lawfully having possession of, access to, or being entrusted with certain items relating to the national defense, or information relating to the national defense which information the possessor has reason to believe could be used to the injury of the United States or to the advantage of any foreign nation, to willfully communicate, deliver, transmit, or cause to be communicated, delivered, or transmitted the same to any person not entitled to receive it. 18 U.S.C. § 793(d). Section 793(g) makes it a crime to conspire with others to violate Section 793(d) and requires proof of an overt act in furtherance of the conspiracy. 18 U.S.C. § 793(g).

Both of the charged counts are punishable by up to ten years' imprisonment. 18 U.S.C. §§793(d), (g). Pursuant to Federal Rule of Criminal Procedure 7(a), offenses punishable by death or imprisonment for more than one year must normally be prosecuted by an indictment. Fed. R. Crim. P. 7(a); *see also* U.S. CONST. amend. V. ("No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury."). Some felonies, however, may be prosecuted by information if the defendant—in open court and after being advised of the nature of the charge and of the defendant's rights—waives prosecution by indictment. Fed. R. Crim. P. 7(b). Mr. Comey has not been given a chance to appear in open court in this matter, nor has he waived his right to prosecution by indictment.

The government's attempt to charge Mr. Comey with felonies by criminal information is untimely, improper, and warrants dismissal.

## RELEVANT LAW

It is well-established that "criminal limitations statutes are to be 'liberally interpreted in

[1] Mr. Comey maintains his innocence and, as open-source and other materials make clear, multiple other prosecution teams—including those led by former Special Counsel John Durham—have previously reviewed these same facts and declined to prosecute Mr. Comey multiple times.

favor of repose." *Toussie v. United States*, 397 U.S. 112, 115 (1970) (quoting *United States v. Scharton*, 285 U.S. 518, 522 (1932)). Limiting exposure to criminal prosecution to a certain fixed period of time both protects individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and encourages law enforcement officials to promptly investigate suspected criminal activity. *Id.* So Congress has declared a policy that the statute of limitations shall not be extended "[e]xcept as otherwise expressly provided by law." *Id.* (quoting 18 U.S.C. § 3282).

Section 3282 provides a default statute of limitations for non-capital offenses: generally, a person cannot be prosecuted, tried, or punished for any offense unless the government either "secures an indictment or institutes an information within five years of the commission of the alleged offense." 18 U.S.C. § 3282. As permitted by Section 3282, however, Congress can explicitly provide longer periods of time for the government to prosecute certain offenses, including the statutes charged here. Section 19 of the Internal Security Act of 1950 (appearing as a note to 18 U.S.C. § 792), for example, extends the government's time to secure an *indictment* under Section 793, stating, "an indictment for any violation of this section and sections 793 and 794 of this title, other than a violation constituting a capital offense, may be found at any time within ten years after such violation shall have been committed." 64 Stat. 1005.

That said, Congress has provided limited circumstances in which the government is able to pursue prosecutions after a statute of limitations has run. Under Section 3288, whenever "an indictment or information charging a felony is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned" within six calendar months of the date of the dismissal of the indictment or the information. 18 U.S.C. § 3288. This extension statute does *not* permit, though, "the filing of a new indictment or

information where the reason for the dismissal was the failure to file the indictment or information within the period prescribed by the applicable statute of limitations." *Id.*

**ARGUMENT**

The criminal information charging Mr. Comey with two counts of Section 793 should be dismissed as time barred. The government filed the information five years after the applicable five-year statute of limitations under 18 U.S.C. § 3282, and now the government is five days over the applicable ten-year statute of limitations to secure an indictment under Section 19 of the Internal Security Act of 1950. No statutory mechanism exists for the government to extend the statutes of limitation, which have now passed.

And, because Mr. Comey has reason to believe the government intends to seek an indictment and potential arrest warrant against him on these charges as soon as Friday afternoon, October 9, 2026, he respectfully seeks an emergency hearing today to address the merits.

1. *The Criminal Information In This Case Should Be Dismissed As Untimely.*

*First*, the government's failure to secure an indictment within the periods prescribed by Section 793's applicable statutes of limitations is fatal. Section 19 of the Internal Security Act of 1950 explicitly provides an extended ten-year statute of limitations for Section 793, but that extension is explicitly limited to securing an "*indictment*." 64 Stat. 1005 (emphasis added). Nowhere does the law extend the period for the government to file a criminal *information*. So, to the extent Section 793 offenses may be prosecuted through informations at all, the extension for such information is not "otherwise expressly provided by law," and Section 3282's default five-year limit applies. 18 U.S.C. § 3282. Here, the government did not secure an indictment but filed a criminal information on October 5, 2026—ten years after the alleged acts underlying both Counts

One and Two, and five years after the applicable statute of limitations lapsed. The government's failure to secure an indictment within the applicable limitations period warrants dismissal.

Notably, the government's time to secure a criminal indictment has also lapsed. As of the date of this filing, October 9, 2026, the government has not secured an indictment charging Mr. Comey with these Section 793 offenses. It is now five days beyond the ten-year statute of limitations applicable to indictment, meaning the government is also time-barred from presenting the case to a grand jury and securing an indictment.

*Second*, the government's failure to secure a timely charging instrument also means that Section 3288's extensions cannot revive its case. While Section 3288 may extend the time for the government to charge a case in limited circumstances, a timely-filed charge is a necessary threshold for any of the enumerated extensions to apply. The statute's text makes clear that it explicitly does *not* permit the filing of a new indictment or information where the reason for the dismissal was the government's "failure to file the indictment or information within the period prescribed by the applicable statutes of limitations." *See* 18 U.S.C. § 3288. That is exactly what occurred here: the government did not file a criminal information within five years, and it did not secure an indictment within ten years. So Section 3288 is inapplicable.

Nor does the caselaw surrounding Section 3288 save the government's case. Not only has the D.C. Circuit Court of Appeals not addressed the practice of filing criminal informations in felonies only to later relate indictments back after the statute of limitations has lapsed, but the other circuits to have done so have all considered circumstances where the government initially filed a *timely* criminal information. *See United States v. Webster*, 127 F.4th 318, 320–21 (11th Cir. 2025) (the defendant "did not dispute the government filed the information within the five-year statute of limitations"); *United States v. Briscoe*, 101 F.4th 282, 291–92 (4th Cir. 2024) (characterizing

the government's criminal information as "timely"); *United States v. Burdix-Dana*, 149 F.3d 741, 742–43 (7th Cir. 1998) (characterizing the government's criminal information as timely). In each of these cases, the underlying charges involved offenses with five-year statutes of limitations for both informations and indictments under Section 3282, and the government's timely-filed informations satisfied Section 3288's threshold requirement. The same cannot be said here, and so the government's case is not eligible for any extension of the statute of limitations for either informations or indictments.

*Third*, the details in the government's filed information make clear there is no time left on the clock. Normally, statutes of limitations begin to run when the crime is complete. *Toussie*, 397 U.S. at 115. Both Count One and Count Two relate to a transmission that was complete on October 5, 2026—ten years and five days ago. In the government's own words in Count One, "on or about October 5, 2016, in the District of Columbia and elsewhere, [Mr. Comey] . . . knowingly and willfully communicated, delivered, transmitted, and caused [national defense information] to be communicated, delivered, and transmitted to a person not entitled to receive it." Case 1:26-CR-000229, Criminal Information. That alleged transmission is the sole basis of Count One, and it was completed on October 5, 2026, triggering the start of the statute of limitations period which then ended on October 5, 2021 for criminal informations and October 5, 2026 for indictments.

Count Two's conspiracy charge meets the same fate. Where "substantiation of a conspiracy charge requires proof of an overt act, it must be shown both that the conspiracy still subsisted within the [applicable statute of limitations] and that at least one overt act in furtherance of the conspiratorial agreement was performed within that period." *Grunewald v. United States*, 353 U.S. 391, 396–97 (1957). In these circumstances, the "crucial question in determining whether the statute of limitations has run is the scope of the conspiratorial agreement, for it is that which

determines both the duration of the conspiracy, and whether the act relied on as an overt act may properly be regarded as in further of the conspiracy." *Id.* at 397. In other words, the last overt act in furtherance of the scope of the criminal agreement is when the clock starts. Generally, then, acts *after* the object of the conspiracy is completed do not delay the start of the clock, because they are outside the scope of the criminal agreement. *See id.* at 399–406 (explaining that allowing acts like concealment and lying to further delay the clock even after the object of the charged conspiracy has completed would "for all practical purposes wipe out the statute of limitations in conspiracy cases"); *see also United States v. Turner*, 548 F.3d 1094, 1096–1098 (D.C. Cir. 2008); *United States v. Hitt*, 249 F.3d 1010, 1015 (D.C. Cir. 2001). Ultimately, to determine the scope of the alleged conspiratorial agreement, the court is bound by the language of the charging instrument. *Hitt*, 249 F.3d at 1015 (citing *Grunewald*, 353 U.S. at 397).

Here, the government charges Count Two as covering October 4, 2016 to October 5, 2026, but the information's only alleged object of the conspiracy is to unlawfully disseminate national defense information in violation of 18 U.S.C. § 793(d), and the only alleged overt act occurred on October 5, 2016, when Mr. Comey purportedly, "through one and more co-conspirators directed Individual #1 to disclose national defense information to a reporter for a national news publication." Case 1:26-CR-000229. On October 5, 2016, then, the object of the conspiracy was completed and the last overt act in furtherance of that object occurred. No acts by any of the alleged co-conspirators after the transmission completed on October 5, 2016, could, by definition, constitute an act in furtherance of the already-completed conspiracy. So the statute of limitations clock began on October 5, 2016, and it ended on October 5, 2026. When the government filed a criminal information on October 5, 2026, the object of the conspiracy had completed and the last alleged overt act had both occurred outside of the five-year statute of limitations, warranting

dismissal. And, now, the government is similarly outside the time permitted to secure an indictment.

2. *Mr. Comey Respectfully Requests An Emergency Hearing Today, October 9, 2026*

Mr. Comey has reason to believe the government may seek to secure an indictment and arrest warrant on these charges as soon as Friday afternoon, October 9, 2026. As such, he respectfully requests the Court hold an emergency hearing today so that the government may not rely upon an invalid information to seek an indictment where the statute of limitations has run in order to seek an arrest warrant for Mr. Comey and attempt to put him in jail ahead of a holiday weekend.[2]

Mr. Comey learned of the underlying charges when the government emailed the filed criminal information and a signed sealing order to Mr. Comey's counsel, Mr. Patrick Fitzgerald on Monday evening, October 5, 2026, at 9:24PM. In the ensuing email exchanges, the government never definitively stated that it did not intend to arrest Mr. Comey on these charges:

At 9:53PM, Mr. Fitzgerald responded to the government and acknowledged receipt of the documents. He also noted that neither he nor Mr. Comey had waived the requirement of an indictment. Finally, he assured the government Mr. Comey would timely appear at whatever date the Court scheduled and asked for confirmation that the government would not attempt to arrest

[2] While the government may have attempted to institute a criminal information, Mr. Comey assumes the government will *not* seek an arrest warrant based on the currently-filed criminal information by submitting an affidavit under Rule 9, because doing so would constitute moving forward with the "prosecution" of Mr. Comey in violation of his constitutional and statutory right to be prosecuted by indictment issued via grand jury in light the nature of the felonies at issue. *See* U.S. Const. amend. V; Fed. R. Crim. P. 7(a); *see also United States v. Webster*, 127 F.3d 318, 322–23 (11th Cir. 2025) ("A 'prosecution' includes both the institution *and* the continued pursuit of an action against a person. In the Founding era, 'prosecution' meant '[t]he institution or commencement *and continuance* of a criminal suit.'") (citing *Prosecution*, 2 NOAH WEBSTER, AMERICAN DICTIONARY OF THE ENGLISH LANGUAGE (1st ed. 1828); *Prosecute & Prosecution*, 2 JOHN ASH, THE NEW AND COMPLETE DICTIONARY OF THE ENGLISH LANGUAGE (1795) (defining "prosecute" as "[t]o pursue, to continue, to carry on; to proceed against by legal measures" and defining "prosecution" as "a process at law"); 18 U.S.C. § 3282 (distinguishing between "prosecuted" and "tried," indicating the steps *other* than trial, including arrest, constitute being "prosecuted").

Mr. Comey but would allow Mr. Comey to self-surrender, as the Department of Justice had allowed in two other cases over the past year. At 10:15PM, the government confirmed "that the United States is not seeking your client's arrest or appearance *at this time*." (emphasis added). At 10:46PM, Mr. Fitzgerald responded, "can you assure me that you will not seek my client's arrest (as opposed to his surrender) on this charge?" and assured the government again that defense counsel would "promptly arrange for Mr. Comey's surrender when an appropriate date is set." By 4:21PM the next day, Tuesday, October 6, 2026, the government had not responded, and Mr. Fitzgerald reached back out for an answer. At 6:11PM on Tuesday, October 6, 2026, the government responded, "While I cannot comment on any future actions the United States may take with respect to your client, I can reaffirm—as I did last night—that your client is not at risk of being arrested *at this time*." (emphasis added).

Since Tuesday, October 6, 2026, the parties have not spoken, but multiple reporters have reached out to defense and colleagues. Despite the under-seal nature of the filings, at least one reporter has asked about the government's "waiverless" indictment or information against Mr. Comey regarding alleged leaks dating back to 2016. Others have sought comment from the defense on a potential government indictment coming as soon as this week, possibly Friday. The defense has not commented.

Finally, Mr. Comey has reason to believe multiple federal law enforcement officers have surveilled his whereabouts while traveling to a family member's residence and around his own neighborhood throughout the week.[3]

---

[3] The defense is prepared to provide to the Court an *ex parte*, under seal filing documenting Mr. Comey's significant medical history that educates Mr. Comey's request for an emergency hearing to avoid a situation in which the government seeks his arrest ahead of a three-day holiday weekend.

In light of the clear facts and law warranting dismissal of the criminal information as time barred, and the lapsed statute of limitations for securing an indictment on these charges, Mr. Comey respectfully requests an emergency hearing on the motion today, Friday, October 9, 2026.

## CONCLUSION

The government's October 5, 2026 criminal information should be dismissed as time barred, and Mr. Comey respectfully requests the Court hold an emergency under-seal hearing to address the merits of this motion.

Respectfully submitted,
JAMES COMEY
By Counsel

*/s/ Jessica Carmichael*
Jessica N. Carmichael
DC Bar No. 998952
CARMICHAEL ELLIS & BROCK, PLLC
108 N. Alfred Street, First Floor
Alexandria, Virginia 22314
(703) 684-7908
jessica@carmichaellegal.com

*/s/ Patrick Fitzgerald*
Patrick J. Fitzgerald*
Mich. Bar No. P86579
P.O. Box 277
New Buffalo, Michigan 49177
(312) 758-4454
patrickjfitzgeraldlawoffice@gmail.com

*/s/ Michael Dreeben*
Michael R. Dreeben*
DC Bar No. 370576
600 New Jersey Ave. NW
Washington, DC 20001
(202) 695-2562
mrd28@georgetown.edu

*/s/ Rebekah Donaleski*
Rebekah Donaleski*
COOLEY LLP

55 Hudson Yards
New York, NY 10001
(212) 479-6000
rdonaleski@cooley.com

__/s/ *Ephraim McDowell*_____
Ephraim A. McDowell*
COOLEY LLP
1299 Pennsylvania Ave. NW, Suite 700
Washington, DC 20004
(202) 842-7800
emcdowell@cooley.com

**pro hac vice* applications forthcoming