**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**JAMES BRIEN COMEY, JR.,**<br><br>Defendant. | Case No. 1:26-cr-00229 (TNM) |

**MEMORANDUM ORDER**

Defendant James Brien Comey, Jr., asks the Court to unseal this criminal case. *See* Mot. to Dismiss Criminal Information ("MTD") at 24–25, ECF No. 11. The Government does not oppose this request. *See* Resp. to Mot. to Dismiss Criminal Information ("Resp.") at 49, ECF No. 12. Upon consideration of Comey's arguments and the governing law, the Court now unseals the case.[1]

**I.**

On October 5, 2026, the Government filed a criminal information against James Brien Comey, Jr. *See* Criminal Information, ECF No. 1. The Government charges him with two counts related to his alleged conduct on October 5, 2016, while he was director of the Federal Bureau of Investigation. Count I charges Comey with transmitting a sensitive document related to the national defense to a person not entitled to receive it in violation of 18 U.S.C. § 793(d).

---

[1] The Court will address the remaining issues in the dismissal motion in due course.

*See id.* at 1. Count II charges Comey with conspiring with "others known and unknown" to commit Count I in violation of 18 U.S.C. §§ 793(d) and (g). *See id.* at 2.

The same day it instituted the information, the Government filed a motion to seal this case. *See* Mot. to Seal, ECF No. 3. In its motion, the Government explained that "[u]nindicted and unnamed co-conspirators appear" in the information. *Id.* at 1. It warned that "[p]ublic notice that sealed pleadings exist would risk compromising ongoing criminal and grand-jury investigations and could endanger cooperating witnesses." *Id.* "Based on the representations in the Government's motion to seal the Information and related filings," the Court granted the Government's motion to seal. Order Granting Mot. to Seal at 1, ECF No. 4. Yet the Government sought and received permission to provide a copy of the information to Comey's counsel, simultaneously with the general sealing. *See id.*

Now Comey seeks to unseal this case, *see* MTD at 24–25, and the Government does not oppose, *see* Resp. at 49.

**II.**

District courts have "discretion" to seal or unseal court records. *See Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991) (cleaned up). "[T]he starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." *E.E.O.C. v. Nat'l Child.'s Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996). To determine whether a case should be unsealed, courts evaluate six factors: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to

those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Id.* (citing *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980)).

The *Hubbard* factors favor unsealing this case. Start with the need for public access. "[I]n cases where the government is a party . . . the appropriateness of making court files accessible is enhanced." *Friedman v. Sebelius*, 672 F. Supp. 2d 54, 58 (D.D.C. 2009) (cleaned up). Criminal charges against a former FBI director for his conduct while in office are of significant public interest. *Cf. In re Los Angeles Times Commc'ns LLC*, 28 F.4th 292, 298 (D.C. Cir. 2022) (identifying a "powerful public interest in learning of a sitting Senator's potential violation of insider-trading laws based on information acquired in his official capacity"). That is because both Comey's alleged conduct while director and the Government's prosecution of this case are properly subject to the public's "watchful eye." *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). This first factor favors unsealing.

Second, the public has not previously had access to the filings in this case. Yet many facts underlying the Government's investigation have been subject to considerable press coverage. *See* MTD at 25 n.5 (collecting sources). More, as Comey states and the Government does not dispute, these same events were discussed in a "high-profile trial in 2022" and in internal FBI documents that were "declassified and published" in 2025. *Id.* at 25. The second factor thus favors unsealing. Third, the Government's previous objections to disclosure matter little now that it "does not oppose Mr. Comey's request that these filings be unsealed." Resp. at 49. Fourth, the only identifiable privacy interest is Comey's, and he moves for unsealing. The fifth factor, possible prejudice to those opposing disclosure, weighs in favor of unsealing where the Government does not oppose unsealing this case. The Government's lack of opposition is

significant. Nor does the Government renew its concerns about interference with ongoing investigations.

Finally, the purposes for which the documents were introduced are the prosecution and defense of a former government official for actions taken while in office. True, it is not unusual to initially seal a charging instrument. *See, e.g.*, *United States v. Lorenzana-Cordon*, 197 F. Supp. 3d 1, 3 (D.D.C. 2016) (holding that names of fugitive co-defendants in indictment should remain under seal); *see also* Fed. R. Crim. P. 6(e)(4) ("The magistrate judge to whom an indictment is returned may direct that the indictment be kept secret until the defendant is in custody or has been released pending trial."). But in those cases, sealing is ordinarily to aid the apprehension of a defendant. In contrast, Comey is aware of the criminal information and has offered to "self-surrender." Mot. to Dismiss Criminal Information and for Emergency Hr'g at 9, ECF No. 6. And again, the Government no longer relies on a need to apprehend co-conspirators. This factor also favors unsealing.

For these reasons, and upon consideration of Defendant's [11] Motion to Dismiss and the Government's [12] Response, it is hereby

**ORDERED** that the Clerk of Court is directed to UNSEAL this case.

**SO ORDERED**.

2026.10.26
14:01:54 -04'00'

Dated: October 26, 2026 TREVOR N. McFADDEN, U.S.D.J.